■ GUNDA ZYMANTIENE, Appellant, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Leonard Cohen, J.), entered July 2, 1990, which *inter alia* denied plaintiff's motion for summary judgment pursuant to CPLR 3212, unanimously reversed, with costs, on the law, to the extent appealed from, and the plaintiff's motion for summary judgment granted on the issue of liability, and the matter remanded for further proceedings.

As defendant City rightly concedes, the IAS court improperly exercised its discretion finding a triable issue of fact as to whether the City exercised due diligence in attempting personal service upon plaintiff before resorting to nail and mail service. Neither the City's opposing papers nor the process server's affidavit submitted provide proof sufficient to support a claim of due diligence under the circumstances.

The process server, relying upon a deed executed in 1973, used the titleholder's resident address found therein (234 East 81st Street, New York City) to attempt to notify the titleholder/plaintiff of an Unsafe Building proceeding to be held by the City to determine whether her building would be subject to demolition due to its claimed unsafe condition. It is undisputed that plaintiff never received personal service of the notice; that she failed to appear at the administrative proceeding; and that her building was torn down pursuant to a determination made at the proceeding. The process server averred that she twice attempted personal service at the resident address appearing in the deed and that the plaintiff/titleholder could not be found at such address, nor her whereabouts determined, despite inquiry made by the process server of the local residents. No further efforts were expended to effect personal service prior to the process server's resort to substitute service.

Plaintiff, in support of her motion for summary judgment, submitted unrefuted documentary proof of her change of address, in 1979, from 234 East 81st Street, Manhattan, to 900 Park Avenue, Manhattan, and of her having alerted the City's Department of Finance, as well as other City agencies, of such change of address. Indeed, plaintiff submitted, *inter alia,* several tax bills from the Department of Finance, beginning with the year 1980, indicating that such bills were received at the 900 Park Avenue address. We find that under the circumstance presented herein, the process server's failure to further investigate plaintiff's current address and her sole reliance upon a fifteen-year-old document did not constitute a diligent effort to effect personal service. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Smith, JJ.